RECEIVED
MAY 1 9 2011
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CITIMORTGAGE, INC. | 5:11-CV-00072 |
| VERSUS | JUDGE DONALD E. WALTER |
| ADAIR ASSET MANAGEMENT, LLC | MAGISTRATE JUDGE HORNSBY |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss Under Rule 12(b)(6) for Failure to State a Claim filed on behalf of Defendant, Adair Asset Management, LLC ("Adair"). [Doc. #4]. For the reasons assigned herein, **IT IS ORDERED** that the Motion to Dismiss [Doc. #4] be and is hereby **DENIED**.

### Background

On January 21, 2011, Plaintiff, Citimortgage, Inc. ("Citimortgage"), filed this action seeking to annul a Louisiana tax sale for failure to notify interested parties pursuant to the Fourteenth Amendment of the United States Constitution, *Mennonite Board of Missions v. Adams*, 462 U.S. 791 (1983), Article 7, Section 25 of the Louisiana Constitution, and Louisiana Revised Statute 47:2180. Citimortgage asserts that it owns a promissory note secured by a mortgage on the property affected by the tax sale (the "subject property"). Anthony and Katherine Kemper ("The Kempers") were the record owners of the subject property by virtue of a cash sale deed recorded in the Caddo Parish Conveyance records. On November 2, 2006, the Kempers executed a mortgage on the subject property in favor of Argent Mortgage Company, LLC ("Argent"), and that mortgage was filed in the Caddo Parish mortgage records. On January 27, 2009, Argent assigned its interest in the promissory note to US Bank, which was recorded in the Caddo Parish mortgage records on February 2, 2009. Thereafter, US Bank assigned its interest in the promissory note to Citimortgage.

On June 8, 2007, a tax sale deed on the subject property was recorded in the Caddo Parish

conveyance records. The deed conveys ownership of the subject property to Adair for nonpayment of the 2006 Caddo Parish property taxes. Citimortgage argues that this tax sale is null and void because the requisite tax sale notices were not provided to the Kempers as record owners of the property or Argent, Citimortgage's predecessor-in-interest, as record mortgagee at the time of sale.

On April 14, 2011, Adair filed the Motion to Dismiss that is presently before the Court. Adair offers that Citimortgage's complaint should be dismissed for lack of standing and failure to adequately plead a claim.

## Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6) a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." A pleading will survive a Rule 12(b)(6) motion to dismiss if it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, — U.S. —, —, 129 S.Ct. 1937, 1949 (2009). The court must accept all of the plaintiff's allegations as true. *Twombly*, 550 U.S. at 550. However, the plaintiff's pleading must contain more than a "formulaic recitation of the elements of a cause of action." *Id.* at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

## Discussion

Taking the allegations made in the complaint as true, it is clear that Citimortgage has standing

to bring this claim and has sufficiently pleaded its claim to survive dismissal under Rule 12(b)(6).[1]

## 1. Failure to State a Claim

Adair alleges that Citimortgage has "failed to allege any elements of a nullity claim or set forth sufficient factual detail satisfying each element of a nullity claim." In particular, Adair claims that the complaint is vague and does not "assert specific facts explaining how it or other parties were deprived of their rights." Unlike Louisiana courts, federal courts employ notice pleading. 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §1215 (3d ed.) ("Moreover, as innumerable judicial opinions... make clear, [Rule 8(a)(2)] indicates that a basic objective of the rules is to avoid civil cases turning on technicalities and to require that the pleading discharge the function of giving the opposing party fair notice of the nature and basis or grounds of the pleader's claim and a general indication of the type of litigation that is involved; indeed, as the Supreme Court and every court of appeals have clearly stated, it is this notice function that represents the core of the pleading process under the federal rules."). Here, Citimortgage's complaint is not vague or rife with conclusory statements. Rather, it asserts 1) that the Kempers owned the property via a cash sale deed; 2) that Argent held a promissory note secured by a mortgage on the subject property; 3) that Argent assigned that note to US Bank who assigned it to Citimortgage; 4) that the subject property was sold in a tax sale in 2007 when Argent was listed as mortgagee in the mortgage records; and 5) that neither Argent nor the Kempers received notice of the tax sale pursuant to constitutional and statutory requirements. The complaint establishes the jurisdicitional grounds for the action as required by F.R.C.P. 8(a)(1), citing the United States Constitution, the Louisiana Constitution, as well as Louisiana Revised Statute 47:2180. Further, by seeking a declaration that the tax sale is null and void Citimortgage meets the demand for relief

---

[1] For organizational purposes, the Court addresses the failure to properly plead allegation first before discussing the standing issue.

requirement of FRCP 8(a)(3). Citimortgage's complaint clearly meets the pleading standards embodied in Rule 8 and sufficiently states a claim. Accordingly, a lack of standing is the only basis on which Adair's motion to dismiss can be granted.

## 2. Standing

There are three requirements for a plaintiff to have standing under Article III's case or controversy requirement: (1) injury in fact that is both concrete and actual or imminent; (2) causation via a traceable connection between the alleged injury and the conduct of the alleged defendant; and (3) redressability in that the requested relief is substantially likely to remedy the alleged injury. *Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000).

### A. Constitutional Claims

Adair contends that Citimortgage lacks standing to nullify the tax sale because it is not a record holder of the promissory note secured by the mortgage. Adair points out that the assignment from US Bank to Citimortgage is neither dated nor filed in the Caddo Parish mortgage records. Accordingly, Adair insists that the assignment was without effect as to third parties like the Caddo Parish Sheriff's Office and Adair, thus Citimortgage is not the owner of the promissory note and lacks standing to nullify the tax sale.

Both the United States and Louisiana Constitutions protect a property owner from the deprivation of property without due process. "Since a mortgagee clearly has a legally protected property interest, he is entitled to notice reasonably calculated to apprise him of a pending tax sale.... When the mortgagee is identified in a mortgage that is publicly recorded, constructive notice by publication must be supplemented by notice mailed to the mortgagee's last known available address, or by personal service." *Mennonite*, 462 U.S. at 2711. Failure to provide such notice is grounds for annulment of the sale. *C & C Energy, L.L.C. v. Cody Investments*, 41 So.3d 1134, 1139 (La. 2010) ("We clearly emphasize the

principle that notice is a constitutional requirement, and want of notice is fatal to a tax sale.") (internal quotation omitted); *Hamilton v. Royal Intern. Petroleum Corp.*, 934 So.2d 25, 30 (La. 2006). "The successor-in-interest of a mortgagee acquires the right of the original mortgagee to assert the seizing party's failure to give the original mortgagee notice in an action to annul the sale." *Smith v. Brooks*, 714 So.2d 735, 737 (La.App. 3 Cir. 1998).

In the complaint, which is taken as true pursuant to *Twombly*, Citimortgage alleges that the tax sale at issue occurred in 2007. At that time, Argent held a promissory note secured by a mortgage on the subject property, and that mortgage was recorded in the Caddo Parish mortgage records. Argent's name and address are clearly identified in the mortgage. [see Doc. #1-3 at 1-2]. Argent assigned the promissory note on the mortgage to US Bank, and US Bank thereafter assigned it to Citimortgage.

Adair's argues that since the assignment of the promissory note from US Bank to Citimortgage was not signed or recorded in the Caddo Parish records then under Civil Code Article 3338 it cannot have an effect against Adair as a third party. Adair's argument is misplaced. Citimortgage's standing is based on Argent's recorded interest in the subject property and failure to receive the requisite notice of the tax sale. The applicability of the assignment from US Bank to Citimortgage as to third parties is irrelevant. What matters is that Citimortgage claims it is a successor-in-interest of Argent, which does not require the recordation of any instrument.

Under *Mennonite* and *Smith*, Citimortgage has satisfied the requirements necessary to show standing to bring this claim. First, there is an alleged injury in fact because Citimortgage is deprived of its interest in the mortgage as security for the promissory note due to the tax sale. Second, there is alleged causation between the tax sale and the injury because under *Smith*, any notice that was owed to Argent can be claimed by Citimortgage. Finally, there is a showing of redressability as the annulment of the tax sale would remedy the injury to Citimortgage. Consequently, Citimortgage has standing to

bring its constitutional claims to annul the tax sale of the subject property.

### B. *Statutory Claims*

Citimortgage also makes a claim under former Revised Statute 47:2180. This statute was repealed by Acts 2008, No. 819, § 2, effective January 1, 2009. However, since the statute was in effect at the time of the 2007 tax sale, it would govern that sale. *See C & C Energy, L.L.C.*, 41 So.3d at 1139. Adair's contention that this case should be governed by the revised portions of Title 47 is inaccurate.

Former R.S. 47:2180 required the tax collector to notify the taxpayer or record owner of property that failure to pay taxes within twenty days will result in the sale of the property. Citimortgage alleges the record owners of the property at the time of the sale—the Kempers—did not receive the required notice. The Louisiana Supreme Court has stated that the mortgagee succeeds to whatever rights a mortgagor has regarding a tax sale. *See Greishaber v. Cannon*, 346 So.2d 166, 167 (La. 1977). Argent, as mortgagee to the Kempers, succeeded to their right to claim a lack of notice under R.S. 47:2180, and Citimortgage, as Argent's successor-in-interest, would succeed to those same rights. Therefore, Citimortgage also has standing to bring a claim under former R.S. 47:2180.

## Conclusion

For the reasons stated above, Adair's Motion to Dismiss [Doc. #4] is **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 19 day of May, 2011.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE